# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

BRADLEY CLYDE FUDGE,

      Plaintiff,

v.                                                                       No. 2:20-cv-00308-MV-KRS

SIERRA COUNTY BOARD OF COUNTY
COMMISSIONERS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Amended Civil Rights Complaint, Doc. 6, filed May 22, 2020 ("Amended Complaint"), and Plaintiff's Motion for Service of Summons on Defendants, Doc. 7, filed May 22, 2020.

Plaintiff's original Complaint asserted claims against Defendants pursuant to 42 U.S.C. § 1983, regarding his "illegal sentence," prison conditions, and medical treatment while incarcerated. *See* Doc. 1 at 3-13, filed April 6, 2020.

The Court explained why Complaint failed to state a claim against each Defendant, notified Plaintiff that the case should be dismissed for failure to state a claim upon which relief can be granted, and granted Plaintiff leave to file an amended complaint. *See* Doc. 5, filed May 5, 2020.

The Amended Complaint asserts essentially the same claims as the original Complaint against three of the original Defendants and does not assert claims against the other three original Defendants. *See* Amended Complaint at 2-16.

The Amended Complaint fails to state a claim against Defendant New Mexico Corrections Department because:

> The New Mexico Corrections Department, as an arm of the State, is immune from § 1983 damages suits. *See Hull v. State of New Mexico Taxation and Revenue*

> *Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

Doc. 5 at 4, filed May 5, 2020.

The Amended Complaint fails to state a claim against Defendants Central New Mexico Corrections Facility and Southern New Mexico Corrections Facility because:

> Claims pursuant to 42 U.S.C. § 1983 against state correctional facilities "must fail because State agencies (including correctional facilities) are not persons under section 1983." *Krebs v. El Dorado Correctional Facility*, 673 Fed.Appx. 891, 892 (10th Cir. 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, (1989)).

Doc. 5 at 4-5, filed May 5, 2020.

The Amended Complaint states:

> Although the named defendants are not "persons" per se, the "policies" that were used under the color of state law were the cause of stated complaints. With so many individuals involved, acting behind the locked doors of the prison system, it is impossible to know the names or hold accountable each person involved, it is systemic.

Amended Complaint at 3. The Amended Complaint does not cite, and the Court is not aware of, any legal authority that would allow the claims to proceed against state agencies, who are immune from § 1983 damages suits, if "policies that were used under the color of state law were the cause of stated complaints."

The Court dismisses this case because the Amended Complaint fails to state a claim upon which relief can be granted. Because it is dismissing this case, the Court denies Plaintiff's Motion for Service of Summons on Defendants as moot.

**IT IS ORDERED** that:

(i)     This case is **DISMISSED without prejudice.**

(ii)     Plaintiff's Motion for Service of Summons on Defendants, Doc. 7, filed May 22, 2020, is **DENIED as moot.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**